**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL LEE JONES, Jr.,** | ) | |
| **ID # 1787475,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-3134-D  (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this habeas case was automatically referred for findings, conclusions, and recommendation.  Before the Court are the petitioner's *Motion for Stay and Continuance of Habeas Petition*, received on March 30, 2015 (doc. 40), and *Supplemental Motion for Stay and Continuance of Habeas Petition*, received on April 3, 2015 (doc. 42).  Based on the relevant findings and applicable law, the motions to stay and to abate should be **DENIED**.

**I.  BACKGROUND**

Samuel Lee Jones (Petitioner) was found guilty in April 2012 of aggravated assault against a witness informant in Cause No. F11-14842-H in the Criminal District Court No. 1 of Dallas, County, Texas, and the jury assessed punishment at life in prison. (doc.1 at 2-3; doc. 28-2 at 113-114). On direct appeal, the court of appeals affirmed his conviction and sentence. (doc. 1 at 3); *Jones v. State*, No. 05-12-0618-CR, 2013 WL 3717771 (Tex. App.–July 12, 2013, pet. ref'd).  The Court of Criminal Appeals refused his petition for discretionary review on November 27, 2013. (doc. 1 at 2); *Jones v. State*, No. PD-1047-13 (Tex. Crim. App. November 27, 2013), *available at* http://www.search.txcourts.gov/Case.aspx?cn=PD-1047-13&coa=cosca. Petitioner did not seek a writ of certiorari.

Petitioner then filed a state application for writ of habeas corpus on May 12, 2014. *See* http://www.dallascounty.org/criminalBackgroundSearch/defendant_denial.do?In=16 (search of Dallas County records on Samuel Lee Jones). On May 29, 2014, the trial court issued findings that Petitioner had failed to comply with Rule 73.1(d) of the Texas Rules of Appellate Procedure. He then filed a motion to exceed the 50-page limitation in the trial court on June 10, 2014, and he filed objections to those findings with the Texas Court of Criminal Appeals on June 25, 2014, that included additional arguments challenging the applicability of Rule 73.1 as a basis for dismissal of his state writ application. *Ex parte Samuel Lee Jones, Jr.*, No. WR-38,160-03, *available at* http://www.search.txcourts.gov/Case.aspx?cn=WR-38,160-03&coa=coscca (doc. 30-6 at 105, 106-110); *Ex parte Jones,* WR-38,160-03 (doc. 30-11 at 2-11). On July 9, 2014, his application was dismissed by the Texas Court of Criminal Appeals, with a notation that it did not comply with Rule 73.1 because the supporting memorandum exceeded the prescribed page limit without leave of court. (doc. 1 at 3-4.)

Petitioner placed his federal petition in the prison mail system on July 21, 2014. (doc. 1 at 10.) The respondent filed an answer on November 20, 2014 (doc. 26), and Petitioner filed his reply on December 12, 2014 (doc. 32). On February 17, 2015, it was recommended that the petition be dismissed without prejudice for failure to exhaust state remedies. (doc. 35.) In his objections to the recommendation, Petitioner requested a stay and continuance of his pending habeas petition under *Rhines v. Weber,* 544 U.S. 269, 278 (2005). (doc. 36.) By order dated March 30, 2015, the case was re-referred for recommendation concerning whether it should be stayed and abated. (doc. 39.) On that date, Petitioner's separate motion to stay and abate was also received. (*See* docs. 40, 42.)

## II.  STAY AND ABEYANCE

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a  PDR or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Where a federal petition for writ of habeas corpus contains grounds for relief that are unexhausted, federal courts have the discretion to either stay and abate or dismiss the federal action.  *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).  Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("Because a stay and abeyance has the potential to 'frustrate []AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances'") (citing *Rhines,* 544 U.S. at 277)).

### A.    Good Cause

Good cause for failing exhaust state avenues of relief is a balance of the interests served by the exhaustion requirement and finality with the clear instruction to litigants to ensure each federal

claim has been taken to state court first. *Rhines,* 544 U.S. at 276–77 (citing *Rose v. Lundy*, 455 U.S.

509, 520 (1982)). The Supreme Court has not articulated a specific test for good cause to justify stay

and abatement. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). It has found that "reasonable

confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under

*Rhines*. *Id.* at 416-17. Courts have also found good cause to stay and abate a mixed petition based

on ineffective assistance of post-conviction counsel, the prosecution's wrongful withholding of

evidence, or other external objective factors not fairly attributable to the petitioner. *See Doe v. Jones*,

762 F.3d 1174, 1182 (10th Cir. 2014), *cert. den'd*, (U.S. 2015) (canvassing reasons federal courts

have found good cause to stay and abate).

### 1.    *Texas Rule of Appellate Procedure 73.1*

Here, Petitioner argues that his petition should be stayed and abated because his § 11.07 state

application was dismissed by the Texas Court of Criminal Appeals for excessive page length, even

though he had filed a motion to exceed the 50-page limit that it did not address. (doc. 40 at 2.) He

contends that the state court applied Rule 73.1 arbitrarily when it failed to address his motion and

dismissed his state writ application based on that rule. (docs. 40 at 2; 44 at 2.)

The exhaustion requirement is not a trap to the unwary pro se litigant, but provides a "simple

and clear" warning to exhaust all claims in state court before proceeding to federal court. *Rose,* 455

U.S. at 520. Petitioner failed to exhaust his state claims because he was dissatisfied with the Texas

Court of Criminal Appeals's failure to address his motion to exceed the Texas Rule of Appellate

Procedure 73.1(d) 50-page limitation and its dismissal of his § 11.07 application under that rule. He

aggressively pursued his challenge to the state court's resolution of his § 11.07 application on

procedural grounds. Petitioner had no reason to abandon his attempts at exhaustion in state court

and to proceed to federal court because the pendency of a federal petition for habeas corpus does not entitle him to statutory tolling. *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999) (holding that the tolling provision § 2244(d)(2) phrase "State post-conviction proceeding or other collateral review" does not include the pendency of a federal habeas petition).  Given the specificity of the reason for the dismissal in state court and the well-settled requirements of exhaustion, Petitioner cannot establish good cause to justify a stay and abeyance of his twenty grounds for relief simply because he disagreed with the Texas Court of Criminal Appeals' ruling.  *See generally Murphy v. Quarterman,* No.3:08-CV-749-D, 2008 WL 4937379, at *2 (N.D. Tex. November 14, 2008) ("A stay is not appropriate where, as here, the petitioner has failed to exhaust *any* of his claims") (citations omitted) ;  *Miller v. Quarterman,* No. H-09-0337, 2009 WL 2163125, at * 3 (S.D. Tex. July 16, 2009) ("Petitioner's pleadings and exhibits plainly show that the Texas courts have not yet had an opportunity to address the unexhausted issues raised in the pending petition.  In such a case, a stay merely rewards petitioner for his failure to seek state relief pursuant to article 11.07 and prolongs federal habeas review to no avail contravening AEDPA's goal of 'finality and speedy resolution of federal petitions'") (citing *Rhines*, 544 U.S. at 278).

  *2. Statute of Limitations*

  Petitioner also contends that if this case is dismissed for lack of exhaustion and he returns to state court to exhaust his state court remedies, any subsequent federal § 2254 petition would be barred by the applicable statute of limitations. (doc. 40 at 3; 42 at 3; 44 at 4.)

  A one-year statute of limitations is applicable to petitions for writ of habeas corpus filed under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). For petitions challenging a state court conviction, the limitations period begins on the "date on which the judgment of conviction becomes

final by the conclusion of direct review of the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  As noted, Petitioner sought discretionary review with the Texas Court of Criminal Appeals, but he did not file a petition for writ of certiorari with the United States Supreme Court after his petition for discretionary review was denied by the Court of Criminal Appeals.  His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); Sᴜᴘ. Cᴛ. R. 13.1.  The petition for discretionary review was refused on November 27, 2013, so Petitioner's state conviction became final ninety days later, on February 15, 2014.

When Petitioner filed his state writ application on May 12, 2014, only 86 days of the limitations period had passed.  While his state writ application was pending from May 12 through July 9, 2014, the limitations period under 28 U.S.C. § 2244(d)(2) was tolled.  After the Texas Court of Criminal Appeals dismissed his § 11.07 application, Petitioner still had 279 days (until April 15, 2015) to seek relief in state court.  As noted, any properly filed state writ application would have tolled the limitations provisions under 28 U.S.C. § 2244(d)(2).  Petitioner filed this § 2254 petition without returning to state court, however.

In *Pace v. DiGuglielmo*, the Supreme Court suggested that a habeas petitioner could file a protective federal petition and move to stay and abate the proceedings pending exhaustion when it was uncertain whether his pending state petition would be considered timely, thereby statutorily

tolling the AEDPA one-year time limit.  544 U.S. at 416-17.  Texas has no limitations period for a § 11.07 state habeas application, so Petitioner's state habeas application would not have been considered untimely if he had re-filed it. *See Wright v. Thaler*, No. 3:11–CV–1084–K, 2011 WL2678923 at *3 n. 1 (N.D. Tex. June 15, 2011), *rec. adopted*, 2011 WL 2679003 (N.D. Tex. July 7, 2011).  Because his non-compliant state application was dismissed rather than denied, he was not otherwise prevented from immediately re-filing a state writ application in compliance with state law. *See* Tex. Code. Crim. Proc. art. 11.07; *se also Ex Parte Torres*, 943 S.W.2d 469, 472-74 (Tex. Crim. App. 1997) (discussing implications of dismissal and denial dispositions in regard to subsequent writ applications, and noting that a disposition by the Texas Court of Criminal Appeals of a writ application "for reasons unrelated to the merits" is not a "final disposition" and "does not bar raising those claims in a subsequent writ").  A "petitioner with notice that his claims are, in fact, still pending in state court has no reason to run to federal court and file a federal habeas petition[.]" *Id.* (*quoting Williams v. Thaler*, 400 F. App'x 886, 892 (5th Cir.2010)) (denying motion to stay and abate where petitioner would have five days left on the AEDPA clock after his applications are decided).

Petitioner's § 2254 petition was not a protective application for writ of habeas corpus as envisioned in *Pace*.  His concern about the remaining time in which he could have re-filed a federal petition does not justify granting a motion to stay and abate.  *See Pace*, 544 U.S. at 417–18 (declining to stay and abate a timely federal petition with five days remaining before limitations expired and dismissing as unexhausted); *see also Mendoza v. Thaler*, Civil Action No. H–10–0446, 2011 WL 977056 (S.D. Tex. Mar. 17, 2011) (unpublished) (dismissing § 2254 petition without prejudice for failure to exhaust, and denying motion to stay and abate, even though only three days

remained to file a federal petition), *vacated on other grounds*, 485 F. App'x. 721, 722 (5th Cir. 2012) (unpublished).  The only reason any future § 2254 may be time-barred is his own unwillingness to follow state law in the ample time he had in which to do so.

## B.    Potential Merit

As to the second *Rhines* factor, Petitioner has also not shown that his many unexhausted claims are meritorious.  Because he presented claims that are almost wholly unexhausted, and the trial court has conducted no fact-finding, he can only speculate that his claims have merit. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (holding that "[a]bsent evidence in the record, a court cannot consider a habeas petitioners bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value").  Petitioner cannot meet his burden to establish that his claims are not plainly meritless, especially since there has been no opportunity for trial counsel to respond to his allegations of ineffective assistance of counsel. *See Ex parte Jones,* WR-38,160-03 (doc.30-6 at 95) (State's recognition in response to Petitioner's state application that an affidavit from defense counsel could be necessary to resolve some of the substantive issues).

## C.    Dilatory Litigation Tactics

Petitioner's filing of this § 2254 petition and his efforts to stay this case do not suggest intentional delay.  He has continued to litigate in federal court despite repeated notice of his failure to exhaust his claims in state court proceedings, however.  *See Rhines,* 544 U.S. at 278 ("If a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all").  As noted, Petitioner was first made aware that he had failed to properly exhaust his claims during the state trial court's review of his § 11.07 application in May 2014, and again in

8

July 2014 when the Texas Court of Criminal Appeals dismissed his application. The respondent also raised lack of proper exhaustion in this proceeding on November 20, 2014. Petitioner has continued to argue his right to file an excessive page-length brief in support of his claims, and he has refused to return to state court and re-file a § 11.07 application to properly exhaust his claims. As a result, he has not shown that he is entitled to a stay and abeyance under *Rhines*.

### III.  RECOMMENDATION

Petitioner's motions to stay and abate should be **DENIED**.

**SIGNED this 15th day of July, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE