IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL LEE JONES, Jr., § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 3:14-CV-3134-D |
| § | |
| LORIE DAVIS, DIRECTOR TDCJ-CID, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION
AND ORDER

Petitioner Samuel Lee Jones, Jr. ("Jones") moves for relief from judgment under Fed. R. Civ. P. 60(b)(6). For the reasons that follow, the court denies the motion.

I

In 2012 Jones was convicted in state court of aggravated assault with a deadly weapon against a witness informant and sentenced to life imprisonment. The judgment was affirmed on direct appeal, and the Texas Court of Criminal Appeals refused his petition for discretionary review. In July 2014 Jones filed his first state application for a writ of habeas corpus challenging the legality of his conviction. The Texas Court of Criminal Appeals dismissed the state habeas application on July 9, 2014 because it did not comply with the 50-page limit of Tex. R. App. P. 73.1. *See Ex parte Jones*, No. WR-38,160-03 (Tex. Crim. App. July 9, 2014).

On July 21, 2014 Jones filed in this court a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleged 20 grounds for relief, only one of which had been raised on

direct appeal and in his petition for discretionary review. On August 27, 2015 the court denied Jones's motions for a stay and abeyance of the federal habeas proceedings and dismissed the § 2254 petition without prejudice for failure to exhaust state remedies. The United States Court of Appeals for the Fifth Circuit denied Jones's motion for a certificate of appealability on June 24, 2016.

While his Fifth Circuit appeal was pending, Jones filed his second and third state habeas applications. The Texas Court of Criminal Appeals dismissed the second state habeas application for noncompliance with the 50-page limit of Tex. R. of App. P. 73.1. *See Ex parte Jones*, No. WR-38,160-05 (Tex. Crim. App. Nov. 25, 2015). On March 29, 2017 the Texas Court of Criminal Appeals denied Jones's third state habeas application without written order on the findings of the trial court without a hearing. *See Ex parte Jones*, No. WR-38,160-07 (Tex. Crim. App. Mar. 29, 2017). Following the denial of his third state habeas application, Jones filed a new § 2254 petition dated April 5, 2017. *See Jones v. Director, TDCJ-CID*, No. 3:17-CV-1028-B (N.D. Tex. Apr. 13, 2017). The petition was denied with prejudice as barred by the statute of limitations on January 3, 2019. *See id.* at ECF No. 40. On January 5, 2022 the Fifth Circuit affirmed the judgment. *See Jones v. Limpkin*, No. 19-10079 (5th Cir. Jan. 5, 2022). His petition for a rehearing is pending in the Fifth Circuit. *See id.*

Jones now seeks relief under Rule 60(b)(6).

II

A

Rule 60(b) provides that a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). But relief under this "catch-all" provision is available "only if extraordinary circumstances are present," not if the motion is premised on one of the grounds for relief set forth in subsections (b)(1) through (b)(5). *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)); *see also United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) ("'[R]elief under subsection (6) is not available to a movant where . . . the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule.'").

"Under Rule 60(c)(1), any 'motion under Rule 60(b) must be made within a reasonable time,' unless good cause can be shown for the delay." *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (quoting *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). The timeliness of a motion is assessed at the point in time when the moving party has a basis to make such a motion, regardless of the time that has

- 3 -

passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121).

B

The judgment in this case was entered on August 27, 2015. Jones waited over six years before filing his Rule 60(b) motion. During those six years, he filed two additional state habeas applications and a second § 2254 petition. Only after he was denied relief in the state habeas proceedings and had the denial of his second § 2254 petition affirmed on appeal did Jones file the pending motion.

Jones relies on the Supreme Court's decisions in *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012), to support his Rule 60(b) motion. He contends that the "procedural dismissal for failure to exhaust order entered August 27, 2015 not only directly conflicts with the United States Supreme Court rulings in *Trevino* and *Martinez*, but ignored those two Supreme Court precedents." Mot. at 2. Jones asserts that "[h]ad this Court followed the Supreme Court precedents in *Trevino* and *Martinez*, then this Court would have not even entertained the State's procedural default assertion therefore, Petitioner's original timely filed mixed habeas would not have been erroneously dismissed due to the State procedural default error which caused Petitioner's failure to exhaust . . . ."

*Id*. at 5 (footnote omitted). He posits that the "erroneous dismissal" of his § 2254 petition was the result of "oversight" and "misguidance" by the court. Mot. at 2, 5, 7.

Although Jones attempts to characterize his motion as falling under subsection (b)(6), the motion is premised on an alleged error by the court, which is within the coverage of subsection (b)(1). *See* Rule 60(b)(1) (allowing relief in the case of "mistake, inadvertence, surprise, or excusable neglect."). Relief under subsection (b)(6) is therefore not available. *Fernandez*, 797 F.3d at 319 ("an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections."). Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1).

The only reason Jones provides to explain why he could not have timely filed a Rule 60(b) motion is: "[D]ue to an inadequate prison law library not having the *Trevino* and *Martinez* case law when he presented his original timely filed mixed habeas to this Court thus he didn't present this argument which he now presents herein[.]" Mot. at 2 n.1. But Jones cited and raised arguments relying on *Martinez*, the holding of which was extended to Texas in *Trevino*, in pleadings filed before entry of judgment in this case. *See, e.g.*, ECF Nos. 31, 36. His explanation does not present a valid excuse for belatedly filing his Rule 60(b)

motion.¹ To the contrary, it appears that he is impermissibly attempting to use Rule 60(b) to relitigate arguments on claims that have now been denied in both state and federal court.

The court concludes that Jones's delay of over six years in filing his Rule 60(b) motion is not reasonable under the circumstances of this case, and that he has failed to provide the court good cause for his delay.² Accordingly, the court denies Jones's motion as untimely.³

III

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that Jones has failed to show (1) that

---

¹ Jones's alleged unawareness of the *Trevino* and *Martinez* decisions "could be described, at best, as mistake, inadvertence, or excusable neglect in keeping apprised of the law that pertained to his state conviction." *In re Paredes*, 587 Fed. Appx. 805, 824 (5th Cir. 2014) (per curiam).

² Jones's delay of over six years before filing his Rule 60(b) motion is also unreasonable for purposes of Rule 60(b)(6). *See, e.g.*, *First RepublicBank Fort Worth*, 958 F.2d at 121 (determining that a two-year delay in filing a Rule 60(b) motion without plausible justification for delay was not reasonable); *In re Paredes*, 587 Fed. Appx. at 824-25 (holding that a Rule 60(b)(6) motion filed 17 months after the decision in *Trevino* was not filed within a reasonable time).

³ Even if his Rule 60(b) motion were within the coverage of subsection (b)(6) and not untimely, Jones has failed to show that the holdings of *Martinez* and *Trevino* apply. Unlike the petitioners in *Martinez* and *Trevino*, at the time his case was dismissed for failure to exhaust state remedies, Jones had not properly filed any petition for collateral review that had been denied by the highest state court, i.e., the Texas Court of Criminal Appeals. Jones has not identified any authority extending the holdings in *Martinez* and *Trevino* under these circumstances. He therefore has not shown "extraordinary circumstances" that warrant relief under Rule 60(b)(6). *Hess*, 281 F.3d at 216.

reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Jones files a notice of appeal,

( )  he may proceed *in forma pauperis* on appeal.

(**X**)  he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

February 17, 2022.

 

_____
SIDNEY A. FITZWATER
SENIOR JUDGE